# Peters *versus* Rand.

A commissioner to take testimony acting in Pennsylvania under a commission from a Court of Equity in another state, becomes *pro re nata* an officer of that court, and in the absence of any statutory provision or express contract, such court has the power to fix the amount of his compensation. When such court has fixed his compensation, he has no right to sue in the courts of this state upon a *quantum meruit* for a larger sum.

January 7th, 1885. Before Mercur, C.J., Gordon, Paxson, Trunkey, Sterrett and Green, JJ., Clark, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of January Term, 1884, No. 220.

Assumpsit, by Theodore D. Rand, against Emanuel Peters, to recover costs and charges due the plaintiff as commissioner appointed by the Circuit Court for Kent County, Maryland, to take the testimony of witnesses in Pennsylvania, in certain proceedings in equity depending in said court. Plaintiff claimed as follows:—

| | | |
|---|---|---|
| 413 pages of testimony at 50 cents, . . | $206 | 50 |
| Paid for affidavit 50 cents, half of this, . . | | 25 |
| Postage $3.50, proportion, . . . . . | 2 | 80 |
| | $209 | 55 |

The court in Maryland fixed his compensation at a less sum. The facts are stated in detail in the opinion of this court.

Plaintiff presented the following points:—

1. If the jury believe from the evidence that the plaintiff's claim is for labor done and disbursements made under authority and by direction of a commission issued to him to take testimony, he cannot sustain such claim upon an implied contract between him and the defendant, the verdict under pleadings should be for the defendant. Refused. (Second assignment of error.)

2. If the jury believe from the evidence that plaintiff's claim is for labor done and disbursements made under the authority of and by directions contained in a commission to him to take testimony, issued by the Circuit Court for Kent County, in equity, in the State of Maryland, then his compensation for such labor and disbursements must be governed by the laws of that state and the orders and decrees made in respect to such compensation by the court issuing the commission, and he can recover no more than such laws, orders and decrees allow him. Refused. (Third assignment of error.)

Verdict and judgment for the plaintiff, for the full amount claimed. Defendant took this writ of error, assigning for error, inter alia, the refusal of the above points.

*Wm. Hopple, Jr.*, and *Byron Woodward*, for the plaintiff in error.

*Thomas J. Grier*, for the defendant in error.

Mr. Justice GORDON delivered the opinion of the court, February 2d, 1885.

This was an action of assumpsit brought by the plaintiff, Theodore D. Rand, against the defendant Emanuel Peters, for the recovery of the value of services alleged to have been rendered by the former to the latter in and about the taking of certain depositions under a commission issued from the Circuit Court of Kent County in the state of Maryland.

The proceedings were in equity, in which one Annie G. Eno was the complainant, and the said Emanuel Peters defendant. This commission was issued at the instance of the said complainant to the plaintiff in the case in hand, under warrant of which he took the testimony of witnesses for both Eno and Peters.

When the commission was thus executed, he mailed it with the testimony to the clerk of the court from which it issued, and on final hearing of the case in Maryland there was a decree inter alia, as follows; " that the costs in the case shall

be equally divided and paid by the respective parties to this suit, each party to pay one half thereof, and that the clerk of this court in taxing the costs of suit shall allow to Theodore D. Rand, commissioner, to execute the commission to take testimony issued to Pennsylvania, only the sum of four dollars for each day or part of a day he may have been engaged in the execution of his commission, as appears by the return of said commisssion filed in this court." In obedience to this order, the clerk of the said court taxed the costs thus allowed to the commissioner, at the sum of forty dollars and twenty-eight cents. The one half of this, as per decree, was tendered by Peters to Rand, and upon the refusal of the latter to receive it, the money thus tendered was paid into the Circuit Court.

Under these circumstances, we cannot see how the plaintiff can sustain this action. In accepting and acting under the commission directed to him he became, *pro re nata*, an officer of the Circuit Court for the County of Kent, and exercised the power of that court in the examination of the witnesses brought before him: Frank *v.* Colhoun, 9 P. F. S., 381. Such being the case, that court, in the absence of any statutory provision, had the undoubted right to fix his compensation and to direct how it should be paid. This, of course, excludes the possibility of the plaintiff's recovery from the defendant on a *quantum meruit*, since the court, having jurisdiction of the parties, and of his compensation, has fixed and determined the amount which he shall receive. If he were unwilling to submit himself to that jurisdiction he should have refused to act under its commission, but having voluntarily put himself in the position of an officer of the Circuit Court, he must submit to its decree fixing his compensation. He might, also, have avoided the result here stated by a special contract with both or either of the parties, but of such a contract there is no evidence; on the contrary, the plaintiff himself positively swears that there was nothing of the kind. He says: " I made no contract with any of the parties before I entered on my duties under the commission. The depositions were not taken in pursuance of any contract." Under this state of the case, the plaintiff must abide by the allowance made him by the court whose commissioner he was. Such certainly is the rule of our own state ; our courts, in the absence of statutory regulation upon this subject, fix the compensation of masters, examiners, and commissioners; this is what such officers must expect and act in view of, and there is no reason why a commissioner should expect anything else when acting for a court in a sister state.

Under the view of this case as above stated, we feel ourselves obliged to sustain the second and third specifications

12 OUTERBRIDGE—17

of error. The remaining seven need not be noticed as under the ruling adopted, their disposition is of no material consequence.

The judgment is reversed.